# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHEILA LARAINE ARMOUR,

    Plaintiff,

v.

UNIVERSAL PROTECTION SERVICES,

    Defendant.

Case No. 17-2227-DDC-GLR

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

The Court has previously granted Plaintiff leave to proceed in forma pauperis.[1] As a result, her Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). As explained more fully below, the Court recommends dismissal of this action for failure to state a claim upon which relief may be granted.

---

[1] ECF 4.

1

## SCREENING

**A.      Background**

Plaintiff Sheila Armour, proceeding pro se, alleges a claim of employment discrimination, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, against her former employer, Defendant Universal Protection Services.  Plaintiff claims that Defendant retaliated against her and that she was not offered compensation for her work injury on account of her African-American ethnicity.[2]  Specifically, Plaintiff alleges the following in her Complaint:

> I mentioned to Director Hearn that [ ] I got electrocuted and he said he would put in an incident report; however, a month passed and I heard nothing.  I asked him again and he said he had not heard anything from human resources.  Universal Protection switched companies without acknowledging me and my work injury.[3]

Plaintiff seeks relief in the form of Defendant paying for her "injury and distress," monetary damages, and "[$]5,000,000 to compensate for their lack of concern for my life."[4]

**B.      Failure to State a Claim**

Under 28 U.S.C. § 1915(e)(2)(B), a court, after granting leave to proceed in forma pauperis, must screen a Complaint to determine whether the case should be dismissed because "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In determining whether a case must be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), courts employ the same standard applicable to determining a motion to

---

[2] Plaintiff selected the boxes for "retaliation" and "other" in the section of her form Complaint that directs the plaintiff to select the nature of the conduct complained of.  ECF 1 at 3.

[3] *Id.* at 3–4.

[4] *Id.* at 4–5.

dismiss under Fed. R. Civ. P. 12(b)(6).[5] To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[6] "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[7] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[8] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[9] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[10]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[11] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[12] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an

---

[5]*Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007) (citations omitted).

[6]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[7]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[10]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11]*Id.*

[12]*Id.* at 679.

entitlement to relief."[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

Courts construe pro se filings liberally, but they do not "assume the role of advocate."[15] Additionally, "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[16]

A complaint alleging employment-based discrimination, retaliation, or harassment under Title VII must "make at least minimal factual allegations on every element of the claim."[17] "Vague references to discrimination, retaliation, or harassment without any indication that the alleged misconduct was motivated by [race] or another category protected by Title VII will be insufficient to support an employment-based claim."[18] To state a claim of retaliation under Title VII, an employee must allege she suffered a materially adverse employment decision "because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."[19]

---

[13]*Id.*

[14]*Id.* at 678.

[15]*Yang v. Archuleta*, 525 F.3d 925, 927 (10th Cir. 2008) (citing *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187–88 (10th Cir.2003)); *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

[16]*Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001).

[17]*Sims v. Wyandotte Cty./Kan. City, Kan.*, 120 F. Supp. 2d 938, 967 (D. Kan. 2000).

[18]*Rivera v. Sw. Bell Tel. Co.*, No. 13-1039-RDR, 2013 WL 2319395, at *2 (D. Kan. May 28, 2013) (citing *Anderson v. Acad. Sch. Dist. 20*, 122 F. App'x 912, 916 (10th Cir. 2004)).

[19]*Semsroth v. City of Wichita*, 548 F. Supp. 2d 1203, 1210 (D. Kan. 2008) (quoting 42 U.S.C. § 2000e-3(a)).

Here, Plaintiff makes only vague references to retaliation without any indication that the alleged misconduct was motivated by her race. She alleges that Defendant ignored the incident report related to her work injury. But she does not allege Defendant's lack of responsiveness was motivated by her race, let alone any facts that would support such an allegation of discrimination. Furthermore, although she checks the box in her Complaint indicating that she alleges retaliation, she does not allege that she suffered a materially adverse employment action as a result of her report of injury or any other protected activity.[20]

While Kansas statutes provide a remedy for retaliation based on a workplace injury or the filing of a worker's compensation claim,[21] that sort of claim is not within the province of Title VII. Plaintiff has not alleged facts demonstrating that she was retaliated against for reporting discrimination under Title VII or for reporting her workplace injury. Instead, she alleges her employer ignored her claims of workplace injury. Because Plaintiff has not alleged any facts supporting her Title VII retaliation claim, or any other apparent claim that could be brought in this Court,[22] the Court finds that Plaintiff has not stated a claim for relief on the facts she has alleged and that it would be futile to give her an opportunity to amend. Accordingly, the Court recommends dismissal of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## **RECOMMENDATION**

For the foregoing reasons, the undersigned magistrate judge recommends that the Court summarily dismiss this action for failure to state a claim upon which relief may be granted.

---

[20] Even if Plaintiff had alleged she suffered an adverse employment action as a result of her report of injury, her report of injury was not a protected activity under Title VII. Title VII protects reports of discrimination and reports of other unlawful activity under Title VII, rather than reports of workplace injuries. *See id.*

[21] K.S.A. § 44-501; *Hamrick v. Farmers All. Mut. Ins. Co.*, 129 F. App'x 430 (10th Cir. 2005).

[22] Plaintiff's allegations regarding her workplace injury may give rise to a worker's compensation claim, but this Court lacks subject matter jurisdiction to entertain such a claim. *Hamrick v. Farmers All. Mut. Ins. Co.*, 129 F. App'x 430, 432 (10th Cir. 2005).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 22nd day of June, 2017.

                                                *s/Gerald L. Rushfelt*
                                                Gerald L. Rushfelt
                                                United States Magistrate Judge