IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHEILA L. ARMOUR,

        Plaintiff,

v.

UNIVERSAL PROTECTION
SERVICES,

        Defendant.

Case No. 17-cv-02227-DDC-GLR

## MEMORANDUM AND ORDER

On June 22, 2017, Magistrate Judge Gerald L. Rushfelt issued a Report and Recommendation (Doc. 5), recommending dismissal of this lawsuit under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

As Judge Rushfelt explained in his Report and Recommendation, plaintiff has the right to file objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72 within 14 days after service. Doc. 5 at 1. He also advised plaintiff that failing to make a timely objection to the Report and Recommendation would waive any right to appellate review of his proposed findings of fact, conclusions of law, and recommended disposition. *Id.* On June 22, 2017, the Clerk sent a copy of the Report and Recommendation to plaintiff by both regular and certified mail (Docket Entry for Doc. 5), thus accomplishing service of the Report and Recommendation. *See* Fed. R. Civ. P. 5(b)(2)(C) (providing that the court may accomplish service by mailing the Report and Recommendation "to [plaintiff's] last known address—in which event service [was] complete upon mailing"); *accord ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014).

If the aggrieved party objects to the magistrate judge's report and recommendation, the district judge assigned the case "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). For the Report and Recommendation to be "properly objected to," plaintiff's objection must "be both timely and specific." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *Id.* If plaintiff fails to make such a proper objection, then she fails to preserve the objection for appellate review. *Id.*

Here, plaintiff timely filed her Objection to Judge Rushfelt's Report and Recommendation on July 3, 2017. Doc. 8. And, her Objection is sufficiently specific. The court thus conducts a de novo review of Judge Rushfelt's Report and Recommendation. When conducting this review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court's review also takes plaintiff's pro se status into account. Because plaintiff brings this lawsuit pro se, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court cannot assume the role of plaintiff's advocate and plaintiff's pro se status does not excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Nor is plaintiff relieved from complying with the rules of the

court or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Here, and liberally construing plaintiff's Complaint, the court agrees with Judge Rushfelt's conclusion that plaintiff's Complaint fails to state a claim. Judge Rushfelt recommended dismissal of the Complaint because it contains, at best, only vague references to discrimination and retaliation based on race and fails to allege any misconduct motivated by her race. Doc. 5 at 6. In her Objection, plaintiff asserts that the court should not adopt Judge Rushfelt's recommendation because she has provided the court with "sufficient evidence" to prove her claims. *Id.* at 1. Plaintiff also asserts that defendant's "act of switching companies before her claim of work injury was resolved was an act of retaliation." *Id.* These assertions simply reiterate the allegations in plaintiff's Complaint. The Complaint just alleges that plaintiff was shocked by an electrical device while working for defendant and that defendant failed to respond to reports of her injury. *See generally* Doc. 1. The Complaint does not allege facts supporting a claim either for discrimination or retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. See Rivera v. Sw. Bell Tel. Co.*, No. 13-1039-RDR, 2013 WL 2319395, at *2 (D. Kan. May 28, 2013) ("A complaint alleging employment-based discrimination, retaliation or harassment under Title VII must 'make at least minimal factual allegations on every element' of the claim. Vague references to discrimination, retaliation or harassment without any indication that the alleged misconduct was motivated by gender or another category protected by Title VII will be insufficient to support an employment-based claim. . . . To prove a disparate treatment claim, plaintiff must show [s]he suffered an adverse employment action because of [her race]." (citations omitted)); *see also Land v. Midwest Office Tech., Inc.*, 114 F. Supp. 2d 1121, 1140 (D. Kan. 2000) (listing elements of a retaliation claim

under Title VII).  The court thus agrees with Judge Rushfelt's report, and his recommendation. The court accepts, adopts, and affirms his Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED THAT** plaintiff's Objection (Doc. 8) is overruled and the court adopts Judge Rushfelt's Report and Recommendation (Doc. 5) in its entirety, and dismisses this action.

**IT IS SO ORDERED.**

**Dated this 13th day of July, 2017, at Topeka, Kansas**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**