# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHEILA L. ARMOUR,

    Plaintiff,

v.

UNIVERSAL PROTECTION SERVICES,

    Defendant.

Case No. 17-02227-DDC-GLR

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Sheila Armour's Motion for Reconsideration (Doc. 11). Following plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 3), Magistrate Judge Rushfelt issued a Report and Recommendation under Fed. R. Civ. P. 72 (Doc. 5). He recommended dismissal of this action for failure to state a claim upon which relief may be granted. Doc. 5 at 5. Ms. Armour objected to this Report (Doc. 8), but the court overruled her objection, adopted Judge Rushfelt's Report and Recommendation, and dismissed the action. Doc. 9 at 4. Then, Ms. Armour filed her timely Motion for Reconsideration. For reasons described below, the court denies plaintiff's motion.

**I.    Motion for Reconsideration**

Ms. Armour contends she is entitled to reconsideration because she was not given a fair trial and that it is her Fourth Amendment right to plead her case to a judge.[1] Doc. 11 at 1. "A party may file a motion asking a judge . . . to reconsider an order or decision made by the judge . . . ." D. Kan. Rule 7.3. "Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." *Id.* 7.3(a). Ms. Armour does not

---

[1]    The court construes these arguments together to assert a right to trial by jury under the Seventh Amendment. *See* U.S. Const. amend. VII.

explicitly identify which rule she invokes to seek reconsideration. But, the court understands her motion to request reconsideration under Fed. R. Civ. P. 60.

This rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Ms. Armour's motion never asserts any of the reasons outlined in Fed. R. Civ. P. 60(b)(1)–(5). Therefore, the court interprets her request under the broad reach of subsection (6)—any other reason that justifies relief. Asserting a right to a jury trial does not justify relief from the court's judgment. For one thing, Ms. Armour explicitly disclaimed a desire to have her case tried to a jury. *See* Doc. 1 at 5 (Ms. Armour checked "no" where her form complaint inquired if she wanted a jury trial). But even when demanded properly,[2] the Seventh Amendment[3] does not entitle every litigant to a jury trial in every case. Had Ms. Armour's case progressed, she could have received a jury trial. But by failing to state a claim upon which relief may be granted, Ms. Armour failed to satisfy the legal prerequisites for a trial. So, the action was dismissed, and nothing in the Seventh Amendment justifies relief from that dismissal. The court thus denies Ms. Armour's Motion for Reconsideration.

---

[2] *See* Fed. R. Civ. P. 38.

[3] "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

## II. Conclusion

For reasons discussed above, the court denies plaintiff's Motion for Reconsideration (Doc. 11).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Sheila Armour's Motion for Reconsideration (Doc. 11) is denied.

**IT IS SO ORDERED.**

**Dated this 29th day of August, 2017, at Topeka, Kansas.**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**